UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DR. STEPHEN E. WILLIAMS, DR.
JAMES P. LALLEY, DR. HILLARY A.
LOCHTE, DR. JAMIE N. DEWATERS,
DR. NANCY KACZMAREK, and DR.
JULIE H. CARTER,

      Plaintiffs,

   v.                             1:21-CV-01001 (JLS) (LGF)

D'YOUVILLE UNIVERSITY, JBCN
EDUCATION PRIVATE, LTD.,
CHALKBOARD SCHOOL
SOLUTIONS, LLP, NATION OF
LEARNING EXCELLENCE, and DOES
1–5,

      Defendants.[1]
_____

## DECISION AND ORDER

    Plaintiffs Dr. Stephen E. Williams, Dr. James P. Lalley, Dr. Hillary A. Lochte, Dr. Jamie N. DeWaters, Dr. Nancy Kaczmarek, and Dr. Julie H. Carter commenced this action on September 6, 2021. Dkt. 1. This Court referred the case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Dkt. 18.

    Presently before the Court is Judge Foschio's Report & Recommendation ("R&R"), issued on February 9, 2024. Dkt. 62. Judge Foschio recommended that the motions to dismiss by Defendant D'Youville University and JBCN Education

_____
[1] The Clerk of the Court is directed to amend the caption as above.

Private, Ltd., be granted in part and denied in part. *See id.* at 48. D'Youville filed objections to the R&R. Dkt. 67. Plaintiffs responded, and D'Youville replied. Dkts. 70, 73.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Based on a *de novo* review, this Court accepts and adopts Judge Foschio's R&R in part, and rejects it in part. The objections are sustained, and the Amended Complaint is dismissed in its entirety.

## BACKGROUND

The Court assumes the parties' familiarity with the facts alleged in the complaint and Judge Foschio's analysis in the R&R and, accordingly, provides only a brief recitation of the facts.

Plaintiffs are former full-time faculty members at D'Youville who were terminated on or about September 7, 2018. Dkt. 44 ¶¶ 3–9. While at D'Youville, Plaintiffs were represented by the D'Youville College Chapter of the American Association of University Professors ("AAUP"). *See* Dkt. 1 ¶ 38.[2] AAUP and

---

[2] There are several facts alleged in Plaintiffs' Verified Complaint that are absent from the Amended Complaint and, as such, the Court takes judicial notice of those facts where necessary. *See Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 528 (2d Cir. 1985) ("A party's assertion of fact in a pleading is a judicial admission by which it is normally bound throughout the course of the proceeding."); *Poindexter v. EMI Record Grp. Inc.*, 2012 WL 1027639, at *2 (S.D.N.Y. Mar. 27, 2012) ("[E]ven

2

D'Youville were parties to a collective bargaining agreement ("CBA") in effect from 2017 to 2021. *Id.*; *see* Dkt. 1-8.[3]

Prior to their termination, Plaintiffs developed, at D'Youville's request, a curriculum and materials for a masters in education program that D'Youville wished to offer in collaboration with several unaccredited institutions. Dkt. 1 ¶¶ 28, 31. Following their departure from D'Youville, Plaintiffs obtained a copyright covering those materials through a joint work entitled, *A Professional Masters Degree in Education: A detailed guide from planning to implementation* (the "Subject Work"). Dkt. 44 ¶¶ 15–17; *see* Dkt. 44-2.

On September 6, 2021, Plaintiffs filed this action. Dkt. 1. Plaintiffs later filed the Amended Complaint, alleging copyright infringement, contributory copyright infringement, and vicarious copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, as well as violations of their right to privacy under New York Civil Rights Law §§ 50–51. Dkt. 44 ¶¶ 21–43.

In the R&R, Judge Foschio recommended granting D'Youville's and JBCN's motions to dismiss as to Plaintiffs' contributory copyright infringement, vicarious

---

though the Amended Complaint is the operative pleading, the Court may still credit admissions in the original complaint and attached exhibits.").

[3] The Court considers the copy of the CBA attached to Plaintiffs' Verified Complaint because the document is integral to the Amended Complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 ("Even where a document is not incorporated by reference, the court may nevertheless consider it [on a motion to dismiss] where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995))).

copyright infringement, and state-law privacy claims. Dkt. 62, at 21–33. He further recommended granting JBCN's motion to dismiss based on a lack of personal jurisdiction and Plaintiffs' failure to effectuate timely service. *Id.* at 33–46. But Judge Foschio recommended allowing Plaintiffs' direct copyright infringement claim against D'Youville to proceed. *See id.* at 8–15.

The Court agrees with Judge Foschio and all of his recommendations, except the recommendation to deny D'Youville's motion to dismiss Plaintiffs' direct copyright infringement claim. As discussed below, Plaintiffs do not plausibly allege that D'Youville's use of the copyrighted material exceeded the scope of the license granted by the CBA.

## DISCUSSION

### I. LEGAL STANDARDS

#### A. Motion to Dismiss

On a motion to dismiss, the Court's "task is to access the legal feasibility of the complaint." *See Lynch v. City of N.Y.*, 952 F.3d 67, 75 (2d Cir. 2020). In doing so, the Court "must take the facts alleged in the complaint as true, drawing all reasonable inferences in [the plaintiff's] favor." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 91 (2d Cir. 2007).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard demands "more than a sheer

possibility that a defendant has acted unlawfully." *Id.* Ultimately, plausibility "depends on a host of considerations, the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render [the] plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

### B.   The Copyright Act of 1976

To establish a claim of "copyright infringement, 'two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Abdin v. CBS Broadcasting, Inc.*, 971 F.3d 57, 66 (2d Cir. 2020) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). To satisfy the second element, "a plaintiff must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of [the] plaintiff's work." *Id.* (alteration, emphasis, internal quotation marks, and citation omitted).

A copyright owner "waives the right to sue, however, for uses of copyrighted material that are authorized by a non-exclusive license." *Great Minds v. Fedex Off. & Print Servs., Inc.*, 886 F.3d 91, 94 (2d Cir. 2018). Stated differently, "a valid license immunizes the licensee from a charge of copyright infringement, provided that the licensee uses the copyright as agreed with the licensor." *Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*, 924 F.3d 32, 40 (2d Cir. 2019) (internal

5

quotation marks and citation omitted). As such, "[w]here a claim turns on the scope of a license, the copyright owner bears the burden of proving that the defendant's use was unauthorized." *Id.* at 40–41 (internal quotation marks and citation omitted).

## II. ANALYSIS

### A. Direct Copyright Infringement

D'Youville objects to Judge Foschio's determination that Plaintiffs stated a claim for direct copyright infringement based on the use of a portion of the Subject Work describing an "Observation Assignment." *See* Dkt. 67, at 8–15. Specifically, D'Youville argues that the CBA granted the institution a perpetual license to use that portion of the Subject Work. *See id.* at 3–4, 10–15. This Court agrees.

"Copyright licenses . . . are construed according to principles of contract law." *Great Minds*, 886 F.3d at 94. In a dispute over the meaning of a contract, "the threshold question is whether the contract is ambiguous, which is a question of law for the court." *Id.* (internal quotation marks and citations omitted). Under New York law,[4] a contract is ambiguous "if its terms could suggest more than more than one meaning when viewed objectively by a reasonably intelligent person who has examined the content of the entire integrated agreement and who is cognizant of

---

[4] The CBA does not contain a choice-of-law provision but, in its objections, D'Youville assumes New York law applies, *see* Dkt. 67 at 9–10, and Plaintiffs do not challenge that assumption. Accordingly, this Court will interpret the CBA in accordance with New York's rules of contract interpretation. *See, e.g., Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 138 (2d Cir. 2000) ("The parties' briefs assume that New York law controls, and such implied consent is sufficient to establish choice of law." (alteration, internal quotation marks, and citation omitted)).

the customs, practices, usages and terminology as generally understood in the particular trade or business." *Orchard Hill Master Fund Ltd. v. SBA Commc'ns Corp.*, 830 F.3d 152, 156–57 (2d Cir. 2016) (internal quotation marks and citation omitted). A contract is "unambiguous, however, if the contract language has a definite and precise meaning[,] . . . concerning which there is no reasonable basis for a difference of opinion." *Id.* at 157 (alteration, internal quotation marks, and citation omitted).

Here, the CBA provides that D'Youville "shall retain a permanent license to use for pedagogical[5] purposes associated with teaching courses at [D'Youville], any and all syllabi created, made or originated by an employee in the course of his or her duties and responsibilities for [D'Youville]." Dkt. 1-8, at 20.2. It further provides that, "[f]or purposes of this Agreement, a syllabus *includes* the course description, the expected course learning outcomes, course objectives, integrity policy, grading percentages, and list of suggested text and materials." *Id.* (emphasis added). That definition of "syllabus" encompasses the portion of the Subject Work at issue.

The Subject Work is comprised of "at least a dozen original syllabi with all the accompanying lecture notes, tests, activities[,] and assignments." *See* Dkt. 44-3, at 2. One such syllabus is for a 3-credit course called "Meeting the Needs of

---

[5] The adjective "pedagogical" means "of, or relating to, or befitting a teacher or education." "Pedagogical," *Merriam-Webster.com*, https://www.merriam-webster.com/dictionary/pedagogical.

Exceptional Learners in the Inclusive Classroom" and taught by Plaintiff DeWaters. *See id.* at 25–42. That syllabus contains a course description, course objectives, a course format, course requirements, and a grading policy—all of which are components of a syllabus, according to the CBA. *See id.*; *see also* Dkt. 1-8, at 20.2. But it also contains a description of an "Observation Assignment" worth 70% of a student's final grade in the course. *See* Dkt. 44-3, at 27–29.

Plaintiffs argue that the description of the "Observation Assignment" is not covered by the CBA's definition of a "syllabus" because "there is nothing in the CBA to indicate whether the list of [elements] is ex[haustive] or non-ex[haustive]. *See* Dkt. 56, at 4. That position is untenable, however, because the word "includes" generally introduces a non-exhaustive list. *See, e.g., Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 162 (2012) ("[T]he definition is introduced with the verb 'includes' instead of 'means'[;] [t]his word choice is significant because it makes clear that the examples enumerated in the text are intended to be illustrative, not exhaustive."); *Bank of Am., N.A. v. Kessler*, 206 N.E.3d 1228, 39 N.Y.3d 317, 324 (2023) ("The word 'includes' suggests that more can be added to the notice.").

Plaintiffs provide no other justification for why the CBA's definition of "syllabus" should not extend to the description of the "Observation Assignment." *See Spinelli v. Nat'l Football League*, 96 F. Supp. 3d 81, 122 (S.D.N.Y. 2015) ("The licensor who argues that there should be an exception or deviation from the meaning reasonably conveyed by the language of a license loses, because he or she 'should bear the burden of negotiating for language that would express the

8

limitation or deviation.'" (quoting *Boosey & Hawkes Music Publishers, Ltd. v. Walt Disney Co.*, 145 F.3d 481, 487 (2d Cir. 1998))); *see also Attia v. Soc'y of N.Y. Hosp.*, 201 F.3d 50, 54 (2d Cir. 1999) ("[N]ot all copying from copyrighted material is necessarily an infringement of copyright."). Plaintiffs' direct copyright infringement claim against D'Youville, therefore, is dismissed in its entirety.

## B.   Remaining Defendants

In the R&R, Judge Foschio notes that neither Defendant Chalkboard School Solutions, LLP ("Chalkboard"), nor Defendant Nation of Learning Excellence ("NLE") has been served or otherwise appeared in this case. *See* Dkt. 62, at 3 n.1. In response to D'Youville's objections to the R&R, Plaintiffs assert that NLE "was, in fact, served at the same address as D'Youville, because D'Youville identified itself as a partner of that institution." Dkt. 70, at 5. But whether Plaintiffs have served either Chalkboard or NLE is immaterial at this stage of the litigation.

"[A] district court has the power to dismiss a complaint sua sponte for failure to state a claim on which relief can be granted, as long as the plaintiff [has been afforded] an opportunity to be heard." *Piuggi v. Good for You Prods. LLC*, 2024 WL 3274638, at *5 (S.D.N.Y. July 2, 2024) (internal quotation marks and citation omitted) (also collecting cases); *see Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991). Plaintiffs have had multiple opportunities to be heard on the sufficiency of their Copyright Act claims and, as a result, those claims against Chalkboard and NLE are dismissed. *See, e.g., Hunter v. McMahon*, 2024 WL 4362310, at *10 (W.D.N.Y. Sept. 30, 2024) ("Indeed, in light of Judge Roemer's finding that Hunter

has failed to state a claim against either of those defendants, an analysis with which this Court wholly agrees and to which Hunter has failed to raise any colorable objection, the Court could dismiss sua sponte all of Hunter's claims against Henderson and Guite." (internal citations omitted)); *Cartwright v. D'Alleva*, 2018 WL 9343524, at *9 (S.D.N.Y. Aug. 27, 2018) ("The same grounds for dismissal of the Moving Defendants, however, warrant dismissal of the Amended Complaint as to the Unserved Defendants." (also collecting cases)).

Plaintiffs also have not sought to substitute named parties for Defendants Does 1–5. *See* Dkt. 44 ¶ 14. Courts in this district have "recognized that where a plaintiff names [a] 'John [or Jane] Doe' as a placeholder defendant because he [or she] does not know the identity of an individual defendant, he [or she] generally is required to replace the placeholder with a named party within the applicable statute of limitations period." *Singletary v. Allen*, 588 F. Supp. 3d 359, 367 (W.D.N.Y. 2022) (alteration, internal quotation marks, and citation omitted); *see Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 468–70 (2d Cir. 1995). "The Copyright Act provides that '[n]o civil action shall be maintained under the [Act] unless it is commenced within three years after the claim accrued.'" *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 150 (2d Cir. 2024) (alterations in original) (quoting 17 U.S.C. § 507(b)).

In this case, Plaintiffs' copyright claims accrued in Fall 2019. *See* Dkt. 44 ¶ 22; Dkt. 44-4, at 2, 23–25. And Plaintiffs have "not demonstrated that [they] exercised due diligence, prior to the running of the statute of limitations, to identify

[Defendants Does 1–5] by name." *See Singletary*, 588 F. Supp. 3d at 367 (alteration, internal quotation marks, and citation omitted).  Accordingly, to the extent Plaintiffs might have a Copyright Act claim against a Doe defendant, those claims are dismissed as well.

## CONCLUSION

For these reasons, Plaintiffs' direct copyright infringement claim against D'Youville is dismissed.  The recommendation to the contrary is rejected.  The Court accepts and adopts the remaining portions of Judge Foschio's R&R for the reasons therein.  Accordingly, D'Youville's motion to dismiss (Dkt. 49) and JBCN's motion to dismiss (Dkt. 50) are GRANTED, and Plaintiffs' Amended Complaint (Dkt. 44) is DISMISSED.  The Clerk of the Court shall update the caption to reflect the caption on this decision and order and shall close this case.

SO ORDERED.

Dated:    October 22, 2024
          Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE